**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Daniel D. Domenico**

Civil Action No. 1:19-cv-02169-DDD

ADAM VERNON, and
BEATA VERNON

      Plaintiffs,

v.

KENNETH CUCCINELLI, Acting Director for United States Citizen-
ship and Immigration Services ("CIS"),
WILLIAM BARR, Attorney General of the United States,
CHAD F. WOLF, Acting Secretary for the Department of Homeland
Security ("DHS"),
UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

      Defendants.

---

## ORDER DENYING PLAINTIFFS' CLAIMS FOR RELIEF

---

Plaintiffs challenge the United States Citizenship and Immigration Services' denial of Mr. Adam Vernon's visa application on behalf of his wife, Beata Vernon. The government based its denial on a finding that Mr. Vernon had been "convicted of a specified offense against a minor" and therefore is ineligible to sponsor his wife's visa application. Mr. Vernon disputes this, arguing that his deferred judgment and sentence under Colorado law was not a "conviction" for purposes of the relevant federal immigration laws. But Mr. Vernon's deferred judgment and sentence was a "conviction" under the plain meaning of the relevant statute. So Mr. Vernon's claims for relief are denied.

## BACKGROUND

### I.      Factual and Procedural Background

The relevant criminal charges against Mr. Vernon arose out of an incident between Mr. Vernon and his then-17-year-old step-daughter. (Administrative Record ("AR"), Doc. 18 at pp. 61–74.) Mr. Vernon eventually pleaded guilty to misdemeanor "harassment" in violation of Colo. Rev. Stat. § 18-9-111(1)(a), resulting in a judgment of conviction and a sentence of three years of probation. (*Id.* at pp. 37, 41, 43.)

Mr. Vernon also pleaded guilty to attempted sexual assault on a child by one in a position of trust in violation of Colo. Rev. Stat. § 18-3-405.3(1). (AR at p. 44.) For that charge, the court, the prosecutor, and Mr. Vernon agreed to invoke Colorado's deferred sentencing statute, and the court entered a "deferred judgment sentence . . . set for three years." (Doc. 1 at ¶ 41; Doc. 15 at ¶ 41.) Pursuant to a stipulation, Mr. Vernon agreed to several "Conditions of Probation" due to his guilty plea for the attempted sexual assault charge. (*See* AR at pp. 46–58.) After complying with that sentence, the state court ordered withdrawal of Mr. Vernon's guilty plea as to the attempted sexual assault charge and dismissed that charge with prejudice. (Doc. 1 at ¶¶ 42–43; Doc. 15 at ¶¶ 42–43.)

Mr. Vernon later married Beata Vernon, a citizen of Poland. (Doc. 1 at ¶ 44.) Mr. Vernon filed an I-130 visa petition on behalf of Ms. Vernon, but the government denied that petition on the grounds that Mr. Vernon was "convicted of a specified offense against a minor" under 8 U.S.C.

§ 1154(a)(1)(A)(viii)(I). (*Id.* at ¶ 45–53; AR at pp. 2–7.) Mr. Vernon now seeks to vacate that decision.

## II.    Colorado's Deferred Sentencing Statute

Colorado's deferred sentencing statute allows certain offenders to plead guilty yet avoid entry of a judgment of conviction and traditional post-judgment sentencing. The statute provides in relevant part:

> In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power, with the written consent of the defendant and his or her attorney of record and the district attorney, to continue the case for the purpose of entering judgment and sentence upon the plea of guilty for a period not to exceed four years for a felony or two years for a misdemeanor or petty offense or traffic offense. The period shall begin to run from the date that the court continues the case.

Colo. Rev. Stat. § 18-1.3-102(1)(a). If the statute is invoked, the defendant may enter into a written stipulation approved by the prosecutor and the court, and the "conditions imposed in the stipulation shall be similar in all respects to conditions permitted as part of probation." *Id.* § 18-1.3-102(2). Upon full compliance with the stipulated conditions, the previous guilty plea "shall be withdrawn, and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice." *Id.*

Colorado law elsewhere defines "acceptance by the court of a plea of guilty" as "a conviction for the offense." Colo. Rev. Stat. § 16-7-206(3). And Colorado courts have held that a court's acceptance of a guilty plea prior to deferring judgment and sentencing nevertheless "yields a conviction." *See M.T. v. People,* 269 P.3d 1219, 1221-22 (Colo. 2012) (collecting cases finding that a deferred sentence in Colorado constitutes a "conviction" for double jeopardy purposes, for purposes of a bail bond statute, and for purposes of prohibiting "convicted" individuals from possessing

weapons (internal citations omitted)). But a defendant "generally is no longer 'convicted,'" at least for some state-law purposes, after completion of a deferred sentence. *See McCulley v. People*, 463 P.3d 254, 258 (Colo. 2020) (finding that, once a deferred sentence is completed, the defendant is no longer "convicted" for purposes of petitioning to be removed from the state sex offender registry).

### III.    Federal Statutory Framework

Pursuant to the Immigration and Nationality Act, United States citizens can act as a family sponsor and petition for certain family members, including spouses, to become lawful permanent residents. *See* 8 U.S.C. § 1154(a)(1)(A)(i). Lawful permanent residents may also act as a family sponsor under a similar sub-section in the statute. *Id.* § 1154(a)(1)(B)(i)(I). But both citizens and lawful permanent residents are barred from sponsoring an alien if they have "been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk" to the sponsored alien. *Id.* §§ 1154(a)(1)(A)(viii)(I) (applied to sponsoring by United States citizens), 1154(a)(1)(B)(i)(I)[1] (applied to sponsoring by lawful permanent residents). No such determination has been made here, so the only question is whether Mr. Vernon has been "convicted of a specified offense against a minor."

The Immigration and Nationality Act, as amended by the Adam Walsh Child Protection and Safety Act of 2006, provides a definition of "a specified offense against a minor." 8 U.S.C. § 1154(a)(1)(A)(viii)(II);

---

[1]    The relevant code sub-section is listed as "I", but that appears to be a scrivener's error. The code section probably should be listed as "II" because there is a preceding subsection already listed as "I."

34 U.S.C. § 20911(7). That definition includes various offenses, including "criminal sexual conduct involving a minor." 34 U.S.C. § 20911(7)(H).[2] But the Immigration and Nationality Act only defines "conviction" as it applies to aliens (which includes lawful, permanent residents), and does not define "conviction" or "convicted of" as applied to United States citizens.

The Immigration and Nationality Act defines "conviction, *with respect to an alien*" as:

> a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where--
>
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A) (emphasis added). There is no corresponding definition with respect to United States citizens.

## LEGAL STANDARD

Pursuant to the Administrative Procedure Act, this court must "hold unlawful and set aside agency actions, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). If Congress's meaning is clear on an issue, the court must give effect to that "unambiguously

---

[2] That referred-to code section also includes a partial definition of "convicted" that includes certain sex offense adjudications as applied to juvenile offenders. *Id*. § 20911(8). But the Immigration and Nationality Act did not expressly incorporate that definition for "convicted." *See* 8 U.S.C. § 1154(a)(1)(A)(viii)(II) (only incorporating the definition for "specified offense against a minor").

expressed intent" found in a federal statute. *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). But if a statute is ambiguous or silent on an issue, the court must defer to an administrative agency's reasonable interpretation of the statute: a process known as *Chevron* deference. *Id.* at 842-43. In some cases, particularly those involving statutory interpretation, decisions by the Board of Immigration Appeals may be entitled to *Chevron* deference. *Flores-Molina v. Sessions*, 850 F.3d 1150, 1157 (10th Cir. 2017).

"Even under *Chevron*, we owe an agency's interpretation of the law no deference unless, after employing traditional tools of statutory construction, we find ourselves unable to discern Congress's meaning." *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1358 (2018) (internal quotation marks and citation omitted). "In determining whether a statute is unambiguous, courts are to 'employ traditional tools of statutory construction.'" *Am. Fed'n of Gov't Employees, Local 1592 v. Fed. Labor Relations Auth.*, 836 F.3d 1291, 1295 (10th Cir. 2016) (internal quotation marks and citation omitted). "These tools include examination of the statute's text, structure, purpose, history, and relationship to other statutes." *Id.* "Even a statutory provision whose words might have multiple meanings is not necessarily ambiguous." *Id.* "Ambiguity is a creature not of definitional possibilities but of statutory context." *Brown v. Gardner*, 513 U.S. 115, 118 (1994).

## DISCUSSION

The only dispute here is whether Mr. Vernon's deferred sentence and judgment renders him "convicted of" the relevant offense for purposes of

the Immigration and Nationality Act.[3] Both sides appear to agree that, if the alien-specific definition of "conviction" found in 8 U.S.C. § 1101(a)(48)(A) applied to a United States citizen like Mr. Vernon, then that definition would cover Mr. Vernon's deferred judgment and sentence, and he would not be eligible to sponsor Ms. Vernon. That broad definition merely requires that a party enter a guilty plea, no contest plea, or some other admission of guilt and receive some sort of "punishment, penalty, or restraint on the alien's liberty" as a consequence. 8 U.S.C. § 1101(a)(48)(A).

Where the parties differ is on whether that definition should extend to a citizen. The government argues that the alien-specific definition found in 8 U.S.C. § 1101(a)(48)(A) should apply to both aliens *and* citizens. The government adopted this view in a 2017 Board of Immigration Appeals decision and argues that this court owes deference to that decision. *See In re Calcano de Milan*, 26 I. & N. Dec. 904 (BIA 2017). Plaintiffs counter that that decision misreads the statute which, by its very terms, limits the relevant definition to aliens only. Given this, the government's administrative decision is contrary to law and should not be afforded deference, according to Plaintiffs.

The court does not necessarily agree with Defendants that it should simply apply the definition of conviction supplied "with respect to aliens" to citizens as well. Nevertheless, even without a specific statutory definition, because the plain meaning of the phrase "has been convicted"

---

[3]   The parties do not dispute that the predicate offense for attempted sexual assault on a minor qualifies as a "specified offense against a minor" as defined in 8 U.S.C. § 1154(a)(1)(A)(viii)(II) and 34 U.S.C. § 20911(7)(H).

encompasses Mr. Vernon's situation, it agrees the decision is consistent with law and should be upheld.

"In statutory interpretation disputes, a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself." *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019) (internal citation omitted). When "that examination yields a clear answer, judges must stop." *Id.* (internal citation omitted). Here, the plain meaning of the statute confirms that, even if the alien-specific definition does not apply to citizens, Mr. Vernon's deferred sentence and judgment nevertheless qualifies as a "conviction" for purposes of the Immigration and Nationality Act.

Since that Act does not define "conviction" except as to aliens, the court must evaluate the ordinary and plain meaning of the term as it applies to citizens like Mr. Vernon. *See Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 407 (2011) (analyzing the ordinary meaning of a term in the absence of a statutory definition). Black's Law Dictionary defines the verb "convict" as "To prove or officially announce (a criminal defendant) to be guilty of a crime after proceedings in a law court; specif., to find (a person) guilty of a criminal offense upon a criminal trial, a plea of guilty, or a plea of nolo contendere (no contest)." *Convict*, Black's Law Dictionary (11th ed. 2019). Merriam-Webster similarly defines "conviction" as "the act or process of finding a person guilty of a crime especially in a court of law." *Conviction*, MERRIAM-WEBSTER.COM DICTIONARY, Merriam-Webster (2021), https://www.merriam-webster.com/disctionary/conviction.

The purpose of the 2006 Adam Walsh Act, which amended the Immigration and Nationality Act to include the relevant sections on convictions for specified offenses against minors, supports a broad definition

of the term "conviction." *Schindler*, 563 U.S. at 408 (finding a broad definition of a statutory term because of the context of the "entire text read as an integrated whole" (internal quotation marks and citation omitted)). That law amended the Immigration and Nationality Act to "bar[] convicted sex offenders from having family based petitions approved." PL 109-248, July 27, 2006. And while the law did not define convictions, it included an "expansion of [the] definition of 'specified offense against a minor' to include all offenses by child predators." *Id.* (now codified at 34 U.S.C. § 20911(7)). Read in the context of the statute's overall expansion of the types of sex crimes subject to federal law, "convictions" should similarly cover a broader, more inclusive range of adjudicative processes that lead to admissions of guilt and punishment.

This reading of the term dovetails with how the term has been interpreted as found in both the same statute at issue here and related federal statutes that incorporate the same term. The Fourth Circuit has held that a no contest plea with adjudication withheld under Florida law nevertheless constitutes a "conviction" for purposes of defining who a "sex offender" is under the 2006 Adam Walsh Act—the same act that amended the Immigration and Nationality Act to add the "convicted of" language at issue here. *United States v. Bridges*, 741 F.3d 464, 469 (4th Cir. 2014) (evaluating the term "convicted of" as used in the definition of "sex offender" in 42 U.S.C. § 16911(1) which was later transferred to 34 U.S.C. § 20911(1) effective September 1, 2017); PL 109-248, July 27, 2006. The *Bridges* court relied in part on notice-and-comment rulemaking that clarified the meaning of "conviction" which has no explicit definition in the Adam Walsh Act. *Bridges*, 741 F.3d at 469. While the *Bridges* court was not evaluating the same *instance* of the term "convicted of" that is at issue here, it was addressing the same *term* found in the same act. The rule favoring uniform meaning across a single

statute—here, the Adam Walsh Act of 2006—therefore favors reading both instances of "convicted of" as meaning the same thing. Because "words used in different parts of the same act are intended to have the same meaning," the citizen-specific meaning of "convicted of" should mirror the how the Fourth Circuit construed the alien-agnostic instance of that same term. *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 571 (2012) (internal quotation marks and citations omitted). This reading also finds support in federal courts' treatment of the term in related federal statutes.[4]

In response, Plaintiffs primarily argue as follows: Congress carved-out a definition of "convicted of" that applies to aliens but not citizens, so it is improper to apply that same alien-specific definition to Mr. Vernon, a citizen.[5] This argument is persuasive, but it only takes Plaintiffs so far. At best, this argument counsels against adopting the

---

[4]   The Tenth Circuit has advised lower courts to look to a statute's relationship with other federal statutes in determining a term's meaning. *Am. Fed'n*, 836 F.3d at 1295. And several federal courts have also found that deferred adjudications in other states nevertheless constitute "convictions" for purposes of other federal laws. *See United States v. Joshua*, 305 F.3d 352, 353 (5th Cir. 2002) (collecting Fifth Circuit cases where a state deferred adjudication was a "prior conviction" under federal statute); *see also United States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008) (holding that a no contest plea with adjudication withheld was a "conviction" for purposes of 18 U.S.C. § 2252A).

[5]   The Immigration and Nationality Act has two separate sub-sections that bar certain petitioners from sponsoring an alien if the petition was "convicted of specified offenses against minors." 8 U.S.C. §§ 1154(a)(1)(A)(viii)(I) (applied to sponsoring United States citizens) 1154(a)(1)(B)(i)(I) (applied to sponsoring lawful permanent residents). These two sub-sections regarding convictions are virtually identical with the sole exception that one applies to alien sponsors and the other applies to citizen sponsors. That fact, coupled with the fact that Congress defined "conviction" as applied to aliens but not as applied to citizens, weighs in favor of a reading that the alien-specific definition of "conviction" should not apply to citizen sponsors, according to Plaintiffs.

government's view that the alien-specific definition applies, verbatim, to citizens as well. But the court need not adopt that view held by the government to find that Mr. Vernon nevertheless is "convicted of" a predicate crime barring his ability to petition on behalf of his wife.

Plaintiffs' argument, if true, only yields a negative definition of "convicted of" as applied to citizens, that is, it doesn't mean the same thing as the alien-specific definition found in 8 U.S.C. § 1101(a)(48)(A). But that fails to provide what is required to answer the question here: a positive definition as applied to citizens. The possible definitions that might fall into the category of "not the alien-specific definition" are vast in number, and Plaintiffs' argument fails to explain why the court should select any one in particular. But there are plenty of alternative definitions that would still leave the result unchanged here. A narrower definition for citizens could, for example, exclude no contest pleas yet still cover Mr. Vernon's deferred sentence that was pursuant to a guilty plea. Or such a definition could only cover guilty pleas and no contest pleas but not other admissions "of sufficient facts to warrant a finding of guilt"—another definition that would encompass Mr. Vernon's deferred judgment and sentence. *See* 8 U.S.C. § 1101(a)(48)(A)(i). And of course, one could conceive of a definition of "conviction" that would be even broader than the statute's—for example, one that did not require any sort of punishment to have resulted. Plaintiffs' reading of the statute, even if correct, does not solve the issue of what "conviction" means as applied to citizens.

Given this, the court has no reason to depart from the plain meaning described above. Under that definition, Mr. Vernon's deferred judgment and sentence qualifies as a conviction because he pleaded guilty and faced penal consequences that were functionally equivalent to a

sentence of probation.[6] He pleaded guilty to the relevant offense, and the court had to "accept" the plea to implicate the deferred sentencing process. Colo. Rev. Stat. § 18-1.3-102(1)(a). (AR at p. 45.) That guilty plea resulted in what was effectively a stipulated term of probation, as the deferred-sentencing statute requires. Colo. Rev. Stat. § 18-1.3-102(2) (requiring that the "conditions imposed in the stipulation shall be similar in all respects to conditions permitted as part of probation.") None of the accepted, ordinary meanings of "conviction", particularly when read in the context of the Adam Walsh Act, turn on technical distinctions between a guilty plea with a deferred judgment subject to "conditions of probation" on one hand and a "straight plea" subject to probation conditions on the other. The two are functionally equivalent.

This functional equivalence is recognized under Colorado law as well. As mentioned above, Colorado courts must "accept" guilty pleas to order deferred sentences under Colorado law, and Colorado statute elsewhere defines "acceptance by the court of a plea of guilty" as "a conviction for the offense." Colo. Rev. Stat. §§ 18-1.3-102(1)(a), 16-7-206(3). In line with these statutory provisions, the Colorado Supreme Court has found that a deferred judgment and sentence nevertheless "yields a conviction" once the defendant pleads guilty. *See M.T. v. People,* 269 P.3d at 1221-22 (internal citation omitted). And deferred judgments constitute a "conviction" for various other purposes under Colorado state law. *Id.* (collecting cases finding that a deferred sentence in Colorado constitutes a "conviction" for double jeopardy purposes, for purposes of a bail bond statute,

---

[6]   Because the court finds that Mr. Vernon's deferred sentence and judgment was a conviction under a plain reading of the Immigration and Nationality Act, the court need not conduct a *Chevron* step-two analysis.

and for purposes of prohibiting "convicted" individuals from possessing weapons) (internal citations omitted).

Plaintiffs' counterarguments under Colorado law do not disturb this finding. The Colorado Supreme Court recently held that, after completion of the conditions of the deferred judgment and sentence agreement, a defendant "generally is no longer 'convicted,'" at least for some purposes. *See McCulley*, 463 P.3d at 258 (finding that a completed deferred judgment does not constitute a "conviction" for purposes of filing for deregistration as a sex offender with the State). Even if that is now true for some purposes under Colorado law, the Immigration and Nationality Act does not speak in terms that allow for someone to become "un-convicted." Congress could certainly have specified that the question of conviction turns on state law, but it didn't. The relevant clause bars petitions from a citizen "who has been convicted", not one who "is currently convicted" but later may become "un-convicted" as the case may be under Colorado law. 8 U.S.C. § 1154(a)(1)(A)(viii)(I).[7] *See, e.g., United States v. Hardeman*, 598 F. Supp. 2d 1040, 1048 (N.D. Cal. 2009) (finding that a state's subsequent dismissal of a conviction did not preclude a sex offender from having to register under federal law pursuant to statutory text defining a sex offender as one who "was convicted" of a predicate crime).

---

[7]   There is one possible exception to this raised in the *McCulley* court's opinion: namely, a conviction that is later vacated on appeal. *See McCulley*, 463 P.3d at 260. In that case, where the conviction was erroneous, it may truly be said to have been a nullity from the start. But that is quite different from the technical undoing of a legally correct conviction that is at issue here.

## CONCLUSION

Because the government's decision to deny Plaintiffs' petition was not arbitrary, capricious, or contrary to law, Plaintiffs' claims for relief under the Administrative Procedure Act are DENIED and this case is DISMISSED.

DATED: January 25, 2021                    BY THE COURT:

                                           _____
                                           Hon. Daniel D. Domenico